UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA,

               Plaintiff,                           02:07-CR-00080-CRW(PAL)

v.

                                               ORDER

MICHAEL JENKINS,

               Defendant.

            On May 10, 2011, the undersigned senior United States District Judge (serving by intercircuit assignment) held a hearing by telephone conference call to receive arguments of counsel on the defendant's resisted motion for release on bail awaiting decision of the appeal from his plea of guilty and imprisonment sentence.  The court had earlier held a similar hearing on February 25, 2011, and at that time the court delayed defendant's date for self-reporting until May 17,  in order that defendant's attorney could provide more information about the issues to be raised on appeal for reversal of his conviction.  At the conclusion of the May 10 hearing, the court again ordered an extension of defendant's reporting date to June 21, 2011 at 2:00 p.m.  The court took under advisement whether defendant should be allowed to remain free on bond, subject to conditions of his bond, until his appeal is decided.  The appeal will likely not be decided until late this year or early in 2012.

            The court now extends the time for defendant Michael Jenkins to self-report to a federal prison designated by the Federal Bureau of Prisons, until thirty (30) days after the Court of Appeals decides his appeal.  He may remain free on bond until then, subject to his complying

strictly with all conditions of his bond.

Defendant's attorney has convinced the court that Jenkins is not a flight risk and is no danger to himself or others while remaining out on bond.  The court accepts counsel's argument that Jenkins has not appealed from his conviction solely for purposes of delay. Defendant Jenkins has also satisfied the requirement that he demonstrate a "fair and just" reason for seeking to set aside his guilty plea, with a reasonable possibility that the Court of Appeals would remand for further proceedings in the district court.  He should not be required to serve his prison sentence nor pay his substantial restitution unless and until his conviction and sentence are affirmed.

The undersigned judge still believes that defendant's plea of guilty and the sentence entered on December 7, 2010, should be affirmed in their entirety, for the reasons given for rejecting his motion to set aside plea filed shortly before sentencing.  During the plea proceeding,  Michael Jenkins stated firmly and credibly that he was guilty in fact.  In his colloquy with this judge, his statements to the court and demeanor suggested no competency problem whatsoever.  The meager evidence Jenkins presented at sentencing to support his request to withdraw his guilty plea had little credence and, carefully considered, was entirely inadequate to allow his late request to withdraw his guilty plea.  Moreover, this judge believes defendant Jenkins' court-appointed counsel Margaret Stanish was highly effective at all times while representing him.  The court now must conclude, however, that defendant Jenkins apparently may properly raise his ineffectiveness of counsel claim in this present appeal and need not wait for a 28 U.S.C. section 2255 proceeding, based on United States v. Bonilla, _____F. 3d _____, WL 833293 at 3462 (9th Cir. 2011).

Wishing not to require Michael Jenkins to begin serving his prison sentence nor to

pay his restitution until after his conviction and sentence are affirmed, the court extends the time for defendant Michael Jenkins to self-report to a federal prison and to pay restitution until thirty (30) days after a final decision is filed by the United States Court of Appeals for the Ninth Circuit.  He remains subject to all conditions of his present bond that remain in effect.

IT IS SO ORDERED.

Dated this 17th day of May, 2011.


CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT