UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA,

        Plaintiff,                              02:07-CR-00080-CRW-PAL

v.

                                                  ORDER

MICHAEL JENKINS,

        Defendant.

        Defendant Michael Jenkins filed this 28 U.S.C. section 2255 motion on January 27, 2012, to set aside the judgment of conviction of conspiracy to commit wire fraud entered on December 13, 2010 pursuant to his July 28 plea of guilty.  He contends his court-appointed lawyer Margaret M. Stanish was ineffective in representing him before, during, and after he pleaded guilty.  He contends she should have been aware he was not competent to plead guilty by reason of a concussion he sustained in a vehicle collision on June 29, 2010, about twenty-eight days before the court accepted his counseled guilty plea on July 28, 2010.  He adds that Stanish did not act promptly and effectively to ask the court to set aside the guilty plea before the sentencing scheduled to be held on December 7.

        On December 20, 2011, the United States Court of Appeals for the Ninth Circuit affirmed the district court's denial on December 7 of his motion to withdraw his guilty plea and dismissed his appeal pursuant to his written appeal waiver.  But the Court of Appeals did not decide his claims raised during the appeal that his attorney's performance was ineffective.

1

Instead the court provided that Jenkins might pursue the ineffectiveness claims in collateral proceedings.  So Jenkins filed this section 2255 motion to vacate his guilty plea, CJA counsel was appointed to represent him, and the undersigned senior U.S. District Judge held a full evidentiary hearing in Las Vegas on August 15 and by follow-up phone conference on August 31, 2012.

With the motion now fully submitted, the court makes the following findings of fact and enters a final decision denying the section 2255 motion to set aside his judgment and sentence.  The evidence firmly establishes that Michael Jenkins was competent to enter his plea of guilty and that his court-appointed attorney Margaret M. Stanish was in no respect ineffective in representing him and assisting him before he pleaded guilty pursuant to a written plea agreement.  Neither was she ineffective thereafter when she sought to withdraw, then moved to have his guilty plea set aside before sentencing.

I. <u>Competency to Enter Guilty Plea</u>.  The evidence the parties presented at the section 2255 hearing included the entire record in the district court and on appeal, including all trial and appellate briefs. Witnesses testifying included Michael Jenkins himself, his friend and employer Jimmy Skefos, attorney Margaret Stanish, and two expert witnesses- - Jenkins' retained forensic psychologist Michael J. Perrotti, and the government-retained Robert F. Asarnow, Ph.D., also a licensed clinical psychologist.  Most of the evidence presented by the witnesses concerned the question whether Michael Jenkins was competent to enter his guilty plea on July 28, 2010.  Jenkins argues he was not competent due to what his expert witness Dr. Michael J. Perotti summarized as "a marked impairment in memory and reasoning," which he explained in

his 2011 report and in testimony by phone during the section 2255 hearing.

On this first factual issue, the court finds that Michael Jenkins was not in any way impaired when he entered his guilty plea about twenty-eight days after the motor vehicle collision. Jenkins spent only four hours in a hospital emergency room, where he received a neurological exam and CT scan that revealed no evidence of a brain injury. He was then released and received no further medical treatment before he met with Margaret Stanish in Las Vegas for several days, then signed a plea agreement and pleaded guilty.

The court finds expert witness Robert F. Asarnow was entirely credible in his assessment of the post-collision hospital and medical record, in analyzing the substance of the report submitted by Jenkins' expert, Dr. Perrotti, and in commenting on Perrotti's opinions. Asarnow's live testimony at the hearing was completely consistent with his detailed report dated August 9, 2012, and his demeanor was excellent, especially when responding to questions during cross-examination. Asarnow has a more impressive resume and greater qualifications to testify than Perrotti.

The court gives little weight to the expert witness report and testimony of Dr. Michael J. Perrotti. He speculated about and exaggerated Jenkins' post-concussion symptoms and his mental condition when he entered his guilty plea. Perrotti never met in person with Jenkins. Perrotti's diagnosis ignored many findings from the June 29, 2010 hospital records that are more credibly analyzed and explained in Robert F. Asarnow's written report and testimony

The court finds Michael Jenkins and his friend Jimmy Skefos also greatly exaggerated the effects on Jenkins of the vehicle collision and the resulting discomfort and

claimed memory loss. The court does not find credible, reasonable, nor true Jenkins' testimony that he recalls nothing of the several days when he met with Attorney Stanish and then spent a half day at the U.S. Courthouse in Las Vegas to enter his guilty plea. Noteworthy is Jenkins' testimony that he remembered nothing about those days, yet he somehow remembered having headaches then and now remembers he told Ms. Stanish about the collision before he pleaded guilty.

        Margaret Stanish herself was entirely credible as a witness; her testimony was consistent with her notes made while representing Jenkins and with her affidavit filed July 11, 2012. Cross-examination at the hearing did not weaken her credible testimony that Jenkins was competent to discuss and understand his options as trial approached, when Jenkins met with her for many hours on July 23, 24, 25, 26, and 27, then read and signed his plea agreement, and then entered his plea on July 28, following Jenkins' detailed colloquy with the court. The next day Stanish and Jenkins met with the Government's case agent for a debriefing. Stanish, not Jenkins, gave believable testimony about Jenkins' state of mind during those days in Las Vegas in July of 2010.

        The court finds once again, as during the plea proceeding, that Michael Jenkins was fully mentally competent to read and sign his plea agreement and then to enter his counseled guilty plea on July 28, 2012.

        II.  <u>Effective Assistance of Counsel.</u>  Jenkins claims his court-appointed attorney Margaret M. Stanish failed to provide him effective assistance in connection with his guilty plea and subsequent attempt two months later to withdraw his plea. The court wholeheartedly

disagrees.

To establish ineffective assistance of counsel, a movant must show counsel's performance was professionally unreasonable and that, but for the deficient performance, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective assistance of counsel standard). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court need not address both components of the test if a petitioner makes an insufficient showing on one of the prongs. Id. at 697. The Government has shown Jenkins has no basis for relief on either prong. Jenkins presented no credible evidence that Margaret Stanish gave inadequate counsel or ineffective assistance at any time.

First, because Jenkins was competent and had no basis for challenging his guilty plea, Stanish would not have succeeded in persuading the court to allow him to proceed to trial.

Second, in entering his plea Jenkins credibly, competently, and truthfully testified as follows:

> The Court: And do you feel that you are in a good condition mentally and physically to make an important decision concerning the matter of whether to plead guilty to this one charge?
>
> Defendant: Yes, your Honor, I do.
>
> The Court: I find that the Defendant is fully competent to enter into a plea at this time. I want to have the plea agreement that the Defendant has with the Government summarized at this time but in order to make sure that the Defendant understands it fully [sic]. Did you read ever [sic] word of the memorandum before signing it, sir?
>
> Defendant: Every word more than once.

> The Court: All right.  And was there anything in it that you did not understand?
>
> Defendant: No, sir.  I understood everything.
>
> The Court: I also want to make sure you're satisfied with the attorney that has been advising you on this matter.  Did you consult with Ms. Stanish before entering into this agreement?
>
> Defendant: I consulted with her for a long period of time.  I am most pleased with her performance.  She's the most excellent attorney.

That Jenkins testimony during the plea colloquy was and is truthful.  Stanish properly believed Jenkins' answers, thought him competent, and had no reason to doubt his answers then or later.  Every statement in Stanish's affidavit dated July 11, 2012, and in her testimony during the hearing is credible, true, and correct.

Jenkins complains that Stanish did not immediately move for withdrawal of his guilty plea when he first told her in September about his earlier vehicle collision.  But Attorney Stanish acted on his request only after she carefully considered whether to file the withdrawal motion.  She properly moved to withdraw as Jenkins' counsel when she believed she would need to testify about Jenkins' competency should that become a contested issue.

Jenkins also complains that Stanish should have presented before sentencing more evidence concerning his competency to plead guilty.  Because it turns out Jenkins was competent to enter his plea, no different approach to withdrawal of Jenkins' plea would have made a difference in the outcome of this criminal case.

Finally, the court applies the standard in Federal Rule of Criminal Procedure 11 (d)(2)(B): whether defendant Jenkins had a "fair and just reason" to withdraw his guilty plea.

That "standard is generous and must be applied liberally."  United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008); see United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005).

The court concludes that Michael Jenkins never had and now has no fair and just reason to withdraw his guilty plea entered on July 28, 2010.  He was competent to plead guilty, and he received excellent, effective, professional advice and assistance from his attorney Margaret M. Stanish throughout the time she represented him.

The court denies defendant's 28 U.S.C. section 2255 motion.

IT IS SO ORDERED.

Dated this 5th day of September, 2012.

*[signature]*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT